IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
JIMMY BOOKER #N-52835, )
                    Petitioner, )
    v. )   No. 12 C 174
WARDEN L. JACKSON, )
                    Respondent. )

### MEMORANDUM OPINION AND ORDER

Jimmy Booker ("Booker") has just presented a Petition for Writ of Habeas Corpus ("Petition"), using the printed form provided by this District Court's Clerk's Office and filling in the requested information by hand. Under the threshold review called for by Rule 4 of the Rules Governing Section 2254[1] Cases in the United States District Courts ("Section 2254 Rules"), it is clear that the Petition must be dismissed for more than one reason.

But before this opinion turns to that subject, the question of the modest $5 filing fee--unpaid by Booker--should be dealt with. Booker is ordered to pay that fee promptly. And although he has not provided any information as to his trust fund account at Illinois River Correctional Center, where he is serving his 20-year sentence for second degree murder, a copy of this opinion is being sent to that institution with directions to send payment

---

[1] All further references to provisions of Title 28 will also take the form "Section --."

of the fee (with an identification of this Case No. 12 C 174 to accompany the transmittal) to:

> Clerk, United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Financial Department

To turn to the Petition, Booker has made plain his total misunderstanding of the role that federal courts play--or more accurately do not play--in connection with claims that a state court conviction has violated the defendant's rights. Thus in response to the Petition Pt. III ¶2 question "Have all grounds in this Petition been presented to the highest court having jurisdiction?," Booker has answered "No," followed by this explanation of that negative answer:

> This is first time taking all grounds, stated above, to highest court having jurisdiction.

That view of this federal court as some kind of appellate tribunal to review Booker's state court conviction is, of course, dead wrong. And that misperception is further confirmed by Booker's acknowledgment at Petition Pt. I ¶4 that he never took an appeal to the Illinois Supreme Court from the Illinois Appellate Court's July 24, 2009 affirmance of his conviction--a failure that violates the United States Supreme Court's command that any federal habeas corpus effort must be preceded by one full round of presentation to the state court judicial system (O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)).

And that is not all. As the preceding paragraph's reference to the date of the final determination by the Illinois Appellate Court confirms (Petition Pt. II ¶1 states that Booker also never filed any post-conviction petition in the state court system), the filing of the current Petition comes well after the expiration of the one-year limitation period prescribed by Section 2244(d)(1). That delay is an independent added ground for rejection of the Petition.

In the language of Section 2254 Rule 4, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." That being so, the same Rule 4 dictates that the Petition must be dismissed, and this Court so orders.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 13, 2012