```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
JIMMY BOOKER #N-52835,          )
                                )
          Petitioner,           )
                                )
    v.                          )     No.  12 C 174
                                )
WARDEN L. JACKSON,              )
                                )
          Respondent.           )
```

MEMORANDUM OPINION AND ORDER

This Court has twice addressed the pro se Petition for Writ of Habeas Corpus ("Petition") filed by Jimmy Booker ("Booker") to challenge his state court conviction of second degree murder, on which he is serving a 20-year sentence:

   1. Its January 13, 2012 memorandum opinion and order ("Opinion") dismissed the Petition for the reasons explained there.

   2. Its brief February 2, 2012 memorandum order confirmed that Booker's one-page handprinted post-Opinion submission "continues to reflect his misunderstanding of the basic ground rules regarding such opinions" and consequently reconfirmed the earlier dismissal.

Now Booker has submitted still another one-page handprinted filing, this time accompanied by photocopies of papers relating to his state court proceedings that put a different light on the matter--one that requires the issuance of this third ruling.

It turns out that Booker's Petition had mistakenly answered

"No" to the Pt. III ¶2 question "Have all grounds in this Petition been presented to the highest court having jurisdiction?" In that respect Booker has now tendered copies of (1) the Illinois Supreme Court's September 28, 2011 communication stating that Booker's petition for leave to appeal had been denied by that court, (2) an October 6, 2011 letter from Booker's Assistant Appellate Defender sending him a copy of that communication and advising him of several possible further avenues for relief, including the filing of a Petition here in the federal court, and (3) an earlier (May 12, 2011) letter from the same Assistant Appellate Defender, who also sent him a copy of the decision of the Illinois Appellate Court for the First District that had then affirmed Booker's conviction.

This Court has obtained and reviewed that May 9, 2011 unpublished order of the Appellate Court in its Case No. 1-09-1941. It finds that although Booker's earlier misunderstanding as to the nonexhaustion of state remedies negates the Opinion's ground for dismissal of the Petition on that score, this still-accurate snippet from the Opinion applies in a different way to revalidate the same result:

> To turn to the Petition, Booker has made plain his total misunderstanding of the role that federal courts play--or more accurately do not play--in connection with claims that a state court conviction has violated the defendant's rights.

2

In that regard the Appellate Court's order begins by identifying these as the only grounds that Booker advanced there to challenge his conviction:

> Defendant, Jimmy Booker, was convicted by a jury of second degree murder and sentenced to 20 years' imprisonment. On appeal, defendant contends: (1) he is entitled to a new trial because the trial court failed to comply with the dictates of Supreme Court Rule 431(b)(Ill. S. Ct. R. 431(b)(eff. May 1, 2007)); (2) the trial court interfered with the selection of a fair and impartial jury; and (3) his sentence was excessive in light of mitigating factors.

Unsurprisingly in light of Booker's mistaken understanding of the role played by a 28 U.S.C. §2254 petition, those are the identical grounds that he has listed in his Petition here. And even a brief look at those grounds confirms that their limited scope is fatal to his effort to obtain federal habeas relief.

As for Booker's first ground advanced both before the Illinois Appellate Court and in the Petition, that is obviously a matter of state law, not federal constitutional law. Moreover, the Appellate Court order held that first asserted ground to have been forfeited, which is clearly an independent and adequate state ground for its rejection.

As to the second and third grounds for relief dealt with by the Appellate Court and repeated in the Petition, they too are purely a matter of state law. It is plain as well from the Appellate Court's order that no federal constitutional authorities were relied on by Booker's appellate counsel to

3

support his contentions of error.

In sum, this case has come to the same destination, albeit by a different route. This Court again confirms the dismissal of the Petition.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 13, 2012

4